## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Docket no. 07-cr-95-004-P-S |
| | ) |
| LONNELL BROWN, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON MOTION TO REDUCE SENTENCE

Before the Court is the Defendant Lonnell Brown's pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Docket # 489). For the reasons explained below, the Court DENIES the motion.

**I.   BACKGROUND**

Brown pled guilty to one count of conspiracy to distribute cocaine ("powder") and cocaine base ("crack"). A total of 977.55 grams of crack cocaine and one gram of powder cocaine were attributed to Brown for the purpose of computing his sentence. At sentencing, Brown's base offense level was reduced by two-levels as a result of Amendment 706 (as modified by Amendment 715) to the United States Sentencing Guidelines. Amendment 706 was promulgated in an attempt to reduce the disparity between sentences for offenses involving powder and crack cocaine. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Ultimately, Brown was sentenced to 188 months, which was the low end of his guideline range.

**II.   DISCUSSION**

Brown asks the Court to reduce his sentence to 78 months—which would have been the low end of his guideline range had the Court treated crack and powder cocaine equally when it sentenced him in June 2008.

In Kimbrough v. United States, 552 U.S. 85 (2007), the Supreme Court held that district courts could vary from the sentencing ranges suggested by the Guidelines based on their disagreement with the crack/powder cocaine disparity reflected in the Guidelines. The Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence greater than necessary to achieve [18 U.S.C.] § 3553(a)'s purposes, even in a mine-run case." 552 U.S. at 575 (internal quotation omitted). Recently, in Spears v. United States, 129 S. Ct. 840 (2009), the Supreme Court held that district court judges could categorically reject the crack/powder ratios present in the Guidelines. Based on this authority, some district courts have begun applying a 1-to-1 crack-to-powder ratio to all crack cocaine cases. See, e.g., United States v. Lewis, 623 F. Supp. 2d 42, 45 (D.D.C. 2009) (Judge Friedman stating that he "now adopts a 1-to-1 crack-to-powder ratio, and will apply the 1-to-1 ratio in all crack cocaine cases that come before [him] for sentencing in the future."); United States v. Gully, 619 F. Supp. 2d 633, 644 (N.D. Iowa 2009) ("The court finds that the appropriate methodology is to use a 1:1 crack-to-powder ratio not just in an individual case or in a 'mine-run' crack case, but in all 'crack' cases.").

It is worth noting, however, that those courts which have adopted a 1-to-1 crack-to-powder cocaine ratio have done so on a prospective basis and the 1-to-1 ratio will apply to all future cases. Although Kimbrough and Spears are significant for future defendants, they do not provide the authorization necessary to revisit and modify previously imposed sentences. See, e.g., United States v. Davis, No. 3:02-00069-02, 2009 WL 3415801 (S.D. W. Va. Oct. 22, 2009) (denying request to retroactively modify crack cocaine sentence). Retroactive modification of a sentence, such as the Defendant seeks here, is strictly limited by 18 U.S.C. § 3582(c), which provides that a sentence can be modified only: (1) upon motion of the Director of the Bureau of

Prisons; (2) when the United States Sentencing Commission lowers the applicable sentencing guideline range; or (3) when otherwise permitted by Rule 35 of the Federal Rules of Criminal Procedure or a federal statute. None of these qualifications is met here.

In arguing for a reduction of his sentence, Brown cites pending legislation that, if enacted, may reduce or eliminate the crack/powder cocaine disparity. See generally Fair Sentencing Act of 2009, S. 1789, 111th Congress (2009); Fairness in Cocaine Sentencing Act of 2009, H.R. 3245, 111th Congress (2009); Crack-Cocaine Equitable Sentencing Act of 2009, H.R. 2178, 111th Congress (2009). It is impossible to know when, or if, any of this legislation will pass. Moreover, if any such legislation becomes law, it is unclear whether it will apply retroactively. Accordingly, this pending legislation does not provide the Court the authority to modify the Defendant's previously imposed sentence.[1]

### III. CONCLUSION

The Defendant has already benefitted from Amendment 706, which was intended to reduce the disparity between crack cocaine and powder cocaine sentencing. The Defendant has failed to cite any authority that would allow the Court to further reduce his sentence at this time. Accordingly, Defendant's Motion to Reduce Sentence Pursuant to 28 U.S.C. § 3582(c)(2) (Docket # 489) is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 17th day of November, 2009.

---

[1] The Defendant has also filed a Motion to Appoint Counsel (Docket # 490) asking the Court to appoint counsel to assist with his Motion to Reduce Sentence. Because Defendant's Motion to Reduce Sentence is meritless, there is no need to appoint counsel. Accordingly, Defendant's Motion to Appoint Counsel is DENIED.